IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA CAROL D., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-18-2915 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On September 20, 2018, Linda Carol D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for a period of disability and Disability Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 13, 20), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

### PROCEDURAL HISTORY

On May 7, 2014, Plaintiff filed a Title II application for DIB, alleging disability beginning on July 21, 2012. Her claims were denied initially and upon reconsideration on August 8, 2016 and September 28, 2016, respectively. Subsequently, on November 7, 2016, Plaintiff filed a written request for a hearing and, on August 8, 2017, an Administrative Law Judge ("ALJ")

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

presided over a video hearing. On September 25, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [(the "Act")] from July 21, 2012, through the date of this decision." ECF No. 9 at 26. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on July 21, 2018, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On September 20, 2018, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On May 23, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on September 19, 2019. Plaintiff filed a response to Defendant's Motion on September 21, 2019.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld,

---

[2] On November 6, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

To be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, regarding Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2017.

ECF No. 9 at 27. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since July 21, 2012, the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia; degenerative disc disease of the lumbar spine; sciatica; hypertension; diabetes mellitus with peripheral neuropathy; and obesity." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 28. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b), except she can lift and carry twenty pounds occasionally and ten pounds frequently, can stand and walk for two hours, can sit for six hours, can occasionally stoop, crouch, kneel, and crawl, can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, and can frequently finger and handle with the left upper extremity.

*Id.* at 30. The ALJ then determined that Plaintiff had past relevant work as a patient receptionist, which the ALJ found Plaintiff still had the ability to perform. *Id.* at 33. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from July 21, 2012, through the date of this decision." *Id.* at 34.

## DISCUSSION

Plaintiff's single allegation of error on appeal is that the ALJ's decision was not supported by substantial evidence on the record because the ALJ improperly applied Social Security Ruling ("SSR") 12-2p to Plaintiff's fibromyalgia. The Court disagrees.

In determining RFC, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related

7

physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

SSR 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, it provides the RFC discussion "'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an explicit function-by-function analysis" is inappropriate, because "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

8

When a plaintiff has a medically determinable impairment ("MDI") of fibromyalgia, SSR 12-2p imposes further considerations on the ALJ's analysis. The ALJ must consider the claimant's fibromyalgia at each stage of the sequential evaluation process. SSR 12-2p, 2012 WL 3104869, at *5–6 (July 25, 2012). At step two, the ALJ still must classify the claimant's fibromyalgia as either severe or not severe. *Id.* at *5; *see also Exum v. Astrue*, SAG-11-2073, 2012 WL 5363445, at *2 (D.Md. Oct. 26, 2012) (finding that the ALJ's failure to classify plaintiff's fibromyalgia as severe "infected" the ALJ's subsequent analysis). At step three, while fibromyalgia is not a listed impairment in appendix 1, the ALJ must determine whether the claimant's fibromyalgia "medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p at *6. During the RFC assessment, the ALJ must "consider a longitudinal record [of the claimant's fibromyalgia] whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* At steps four and five, when considering whether the claimant can perform past relevant work or any other work, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, nonexertional limitations, or environmental restrictions are warranted. *Id.*

Here, Plaintiff argues the ALJ erred by failing to properly apply SRR 12-2p to her RFC analysis. ECF No. 13 at 9. The ALJ, however, did properly and explicitly consider SSR 12-2p and Plaintiff's fibromyalgia at each step of the evaluation. At step two, the ALJ classified Plaintiff's fibromyalgia as a severe impairment. ECF No. 9 at 27. Next, at step three, the ALJ specifically cited SSR 12-2p and stated that although "[t]he listing of impairments do[es] not provide an entry for fibromyalgia . . . the [ALJ] considered [Plaintiff's] symptoms in assessing whether [Plaintiff's] other impairments equal any applicable listing." *Id.* at 29. The ALJ then

9

considered Plaintiff's fibromyalgia throughout her RFC analysis. First, the ALJ recounted Plaintiff's physical examinations and physician visits related to her fibromyalgia, ultimately finding "the overall record reflects [Plaintiff's] fibromyalgia and degenerative disc disease are being conservatively treated with no more than mild findings on examination or in imaging." *Id.* at 31–32. The ALJ also noted that she gave some weight to Plaintiff's treating physician's medical source statements regarding Plaintiff's fibromyalgia, but the physician's recommended limitations were "overall inconsistent" with his treatment notes and the record. *Id.* at 33. Though the ALJ did not mention Plaintiff's fibromyalgia by name at step four, she found that Plaintiff was still capable of performing her past relevant work based on the vocational expert's testimony, Plaintiff's RFC, and the evidence in the record. *Id.* at 34. The Court finds the ALJ did comply with the directives of SSR 12-2p and therefore finds that her decision was supported by substantial evidence; she considered all relevant evidence and sufficiently explained the weight she accorded to that evidence. *See Akers*, 131 F.3d at 439–40. Accordingly, the ALJ's decision will be upheld.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from July 12, 2012, through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 3 December 2019

A. David Copperthite
United States Magistrate Judge