IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA CAROL D., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-18-2915 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Pending before this Court is Plaintiff Linda Carol D.'s "Motion to Reconsider" ("Plaintiff's Motion") (ECF No. 24), seeking reconsideration of the Court's Memorandum Opinion dated December 3, 2019, which granted summary judgment in favor of Defendant, the Social Security Administration ("SSA"). ECF No. 24 at 1. Plaintiff asks the Court to reconsider its decision to grant Defendant's summary judgment motion, asserting that the ALJ failed to comply with Social Security Ruling ("SSR") 12-2p in evaluating Plaintiff's fibromyalgia. *Id.* at 2. After consideration of Plaintiff's Motion and the response thereto (ECF No. 27), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, Plaintiff's Motion is GRANTED.

### PROCEDURAL HISTORY

On September 20, 2018, Plaintiff petitioned this Court to review SSA's denial of her disability application. ECF No. 1. On May 23, 2019, Plaintiff filed a Motion for Summary

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

Judgment, in which she raised only one allegation of error on appeal: the ALJ failed to comply with SSR 12-2p in evaluating her fibromyalgia. ECF Nos. 13, 13-1. Defendant filed its Motion for Summary Judgment on September 19, 2019, ECF No. 20, which Plaintiff opposed on October 9, 2019, ECF No. 21.[2] Upon reviewing the motions and the response thereto, the Court denied Plaintiff's Motion for Summary Judgment, granted Defendant's Motion for Summary Judgment, and affirmed the SSA's decision pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 22 at 10; ECF No. 23.

Thereafter, Plaintiff filed Plaintiff's Motion on December 17, 2019. ECF No. 24. Defendant filed a Response in Opposition on January 7, 2020. ECF No. 27. This matter is now fully briefed, and the Court has reviewed Plaintiff's Motion and the response thereto. For the following reasons, Plaintiff's Motion will be granted.

## DISCUSSION

### A. Standard of Review

Plaintiff cites Local Rule 105.10 as authority for her motion to reconsider. This rule states: "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Loc.R. 105.10 (D.Md. 2018). "Under [this] rule, similar to the standard for relief under Fed. R. Civ. P. 59(e), '[a] motion for reconsideration is appropriate [1] to "correct manifest errors of law or fact or [2] to present newly discovered evidence," or [3] where there has been an intervening change in controlling law.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122,

---

[2] On November 6, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2018 WL 3973074, at *1 (D.Md. Aug. 1, 2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D.Md. 2001)).

**B. Plaintiff's Motion to Reconsider**

In her motion, Plaintiff contends that the Court erred in affirming the SSA's decision because the ALJ's decision was not supported by substantial evidence due to her failure to adhere to SSR 12-2p. ECF No. 24 at 2. More specifically, Plaintiff argues that the ALJ's reasons for discrediting Plaintiff's limitations from fibromyalgia and Plaintiff's treating physician are contrary to SSR 12-2p. *Id.*

SSR 12-2p dictates the procedure an ALJ must follow when evaluating a claimant with fibromyalgia. The ALJ must consider the claimant's fibromyalgia at each stage of the sequential evaluation process. SSR 12-2p, 2012 WL 3104869, at *5–6 (July 25, 2012). At step two, the ALJ still must classify the claimant's fibromyalgia as either severe or not severe. *Id.* at *5; *see also Exum v. Astrue*, SAG-11-2073, 2012 WL 5363445, at *2 (D.Md. Oct. 26, 2012) (finding that the ALJ's failure to classify plaintiff's fibromyalgia as severe "infected" the ALJ's subsequent analysis). At step three, while fibromyalgia is not a listed impairment in appendix 1, the ALJ must determine whether the claimant's fibromyalgia "medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p at *6. During the RFC assessment, the ALJ must "consider a longitudinal record [of the claimant's fibromyalgia] whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* At steps four and five, when considering whether the claimant can perform past relevant work or any other work, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, nonexertional limitations, or environmental restrictions are warranted. *Id.*

Here, upon further consideration and review of the record, the Court agrees with Plaintiff that the ALJ did not properly comport with SSR 12-2p in her RFC analysis and finding. At step two of the sequential evaluation, the ALJ determined that Plaintiff had a severe impairment of fibromyalgia. ECF No. 9 at 27. At step three, the ALJ then considered Plaintiff's fibromyalgia in assessing whether claimant's other impairments equaled any applicable listing. *Id.* at 29. In her RFC analysis, the ALJ discussed Plaintiff's treatment history for fibromyalgia thoroughly. *Id.* at 31–32. The ALJ summarized the results from Plaintiff's physical examinations from August 2015 through June 2017, noting her point tenderness and range of motion at each treatment visit when applicable. *Id.* The ALJ then concluded:

> [i]n sum, the overall record reflects [Plaintiff's] fibromyalgia and degenerative disc disease are being conservatively treated with no more than mild findings on examinations or in imaging. Therefore, the overall record supports [Plaintiff] can perform a reduced range of light work with occasionally stooping, crouching, kneeling, crawling, and climbing ramps and stairs, but never climbing ladders, ropes, or scaffolds.

*Id.* at 32. The ALJ then proceeded to assess Plaintiff's treating physician's, Dr. Aforze Muneer, two medical source statements from June 2017. *Id.* at 32–33. The ALJ ultimately assigned Dr. Muneer's statements only "some weight to the extent they are consistent with the [RFC]." *Id.* at 33. The ALJ declined to give Dr. Muneer's opinions controlling weight because "[t]he limitations opined are overall inconsistent with Dr. Muneer's treatment notes and the record," based on Plaintiff exhibiting some tenderness yet retaining the range of motion of several joints and Dr. Muneer's statements' inconsistency with rheumatologist Dr. Landis's June 2016 examination. *Id.*

Though the ALJ here did substantially detail and explore Plaintiff's physical examination history and the results from each examination, she improperly emphasized the fact that Plaintiff's fibromyalgia was "conservatively treated." *See id.* at 32. As a chronic, incurable condition, fibromyalgia is typically treated by "conservative" measures, because there are no more aggressive

4

treatment options. *Knight v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2515, 2017 WL 3088365, at *2 (July 20, 2017) (first citing *Lapeirre-Gutt v. Astrue*, 382 F.App'x 662, 664 (9th Cir. 2010), then citing *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2008)). Furthermore, while the ALJ's conclusion that Dr. Muneer's medical source statement conflicted with Dr. Landis's examination was technically correct, the ALJ failed to consider that the symptoms of fibromyalgia "can wax and wane" so that a claimant may have "bad days and good days." SSR 12-2p, at *6. The ALJ, therefore, should not have discounted Dr. Muneer's opinion solely based on Plaintiff's varying symptoms at different examinations. *See Clem v. Comm'r, Soc. Sec.*, JFM-16-912, 2016 WL 892856, at *2 (D.Md. Mar. 31, 2017) (finding that the treating physician's findings were not contradicted by other examinations that found no significant symptoms because of the waxing and waning of fibromyalgia symptoms). Because the ALJ improperly considered Plaintiff's symptoms of fibromyalgia and their treatability, the Court must remand this case to the SSA for further analysis consistent with SSR 12-2p.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from July 21, 2012, through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion to Reconsider (ECF No. 24) is GRANTED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 12 February 2020

A. David Copperthite
United States Magistrate Judge